DECEMBER 18, 20006

**FILED**

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANGELA D. MCALISTER,
5524 KENNEDY SREET,
RIVERDALE, MD    20737-2418,
301-779-4447,
    COMPLAINANT

    VS.

JOHN E. POTTER,
POSTMASTER GENERAL,
U. S. POSTAL SERVICE,
CAPITAL METRO OPERATIONS,
    AGENCY.

CASE NUMBER  1:07CV00016

JUDGE: Rosemary M. Collyer

DECK TYPE: Employment Discrimination

DATE STAMP: 01/04/2007

## COMPLAINT

**DEAR** SIR:

I DISAGREE WITH THE JUDGE'S DECISION, IN THE ABOVE CASE. I ANGELA D. MCALISTER, HAVE BEEN DISCRIMINATED AGAINST AND CAN PROVE IT IF GIVEN A CHANCE TO A HEARING. DURING THE ENTIRE ORDER DATED JUNE 5, 2006, THE JUDGE RENDERED ORDERS OF BOTH PARTIES TO CARRY OUT. NEITHER PARTY COMPLIED. WHEN THE AGENCY FILED A MOTION TO DISMISS, I WAS MAILED A DECISION IN FAVOR OF THE AGENCY. I HAD TO LOCATE IMPORTANT EVIDENCE THAT THE AGENCY HAD IN ITS POSSESSION ALL THE TIME. THE CASE MENTIONED IN MY AFFIDAVIT CONCERNING THE TWO BLACK MALES THAT WERE IN AN ALTERCATION APPEAR 6 MONTHS PRIOR TO MY CASE.
I STATED IN MY AFFIDAVIT THAT I WAS TREATED DIFFERENT. WHEREAS A MALE SUPERVISOR ATTACKED AN EMPLOYEE AND WAS NOT TREATED IN THE SAME MANNER. THE AGENCY NEVER ADDRESSED THIS IMPORTANT ISSUE.
TO MY KNOWLEDGE THERE WERE OTHER EMPLOYEES IN THE SAME CHAIN OF COMMAND WITH SIMILAR CIRCUMSTANCES AS MYSELF WHO WERE NOT PUT ON EMERGENCY PLACEMENT IN AN OFF DUTY STATUS WITHOUT PAY. IF SO IDENTIFY THE PERSON(S) BY NAME, **RECEIVED** KNO?, AND POSITION/ TITLE). NOW GIVEN A NATURE OF A RE**DEC 4 8 2006**SWERED THE QUESTION, YES.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

CARRIER, SIDNEY PERRY, BLACK MALE, WAS ELBOWED BY SUPERVISOR, BRIAN HUBBARD, BLACK MALE, AGES UNKNOWN. BOTH WERE UNDER THE ZERO TOLERANCE RULE. THE INCIDENT OCCURRED. - INSPECTION REPORT

MR. HUBBARD WAS SENT HOME AND PAID, FOR ONLY ONE DAY, AND BOTH RETURNED TO WORK. IT SHOWED THAT THE SUPERVISOR IN CHARGE MR. RODNEY PAYNE SENT BOTH EMPLOYEES OFF WITH PAY, IN WHICH THIS IS WHAT SUPPOSED TO HAPPEN. MANAGER INTERVIEWED SEVERAL EMPLOYEES WHO TESTIFIED THAT THE SUPERVISOR DID ELBOW THE CARRIER. MANAGEMENT DID NOT INTERVIEW OTHER EMPLOYEES IN MY CASE. WHY WASN'T MY CASE HANDLED THE SAME WAY? WHY DIDN'T THE INSPECTORS SERVICE HANDLE THE TWO CASES THE SAME? NANCY CARREAS, MANAGER GAVE TESTIMONY AGAINST ME, WHEREAS SHE WAS NOT ON DUTY THE TIME OF THE INCIDENT. I HAVE EVIDENCE TO PROVE THAT CARREAS HAD A NEGATIVE REACTION AGAINST ME DUE TO MY INJURY THAT OCCURRED ON DUTY. NEGATIVITY TRAVELS FAST. MR. HUBBARD WAS THEN SENT TO WARD PLACE, ANOTHER WASHINGTON, D.C. STATION TO WORK WITHOUT LOSING A DAY'S PAY. DISTRICT COURT TRANSCRIPT SHOWS THAT MR. FAUNTLEROY ADMITS UNDER OATH IN COURT THAT HE SNATCHED THE LEAVE SLIP OUT OF MY HAND. THIS PROVES HE WAS THE AGGRESSOR. THE AGENCY HAS TURNED THE EEO COMPLAINT AROUND TO FIT THEIR REASONING INVOLING MY HUSBAND.

A HEARING WILL PROVE DISCRIMINATION AND SHOW THAT I HAVE PROVEN A PRIME FACIE CASE. INVESTIGATION REVEALS OTHER EMPLOYEES HAVE AGREED TO COME FORWARD, TO TELL THE TRUTH OF WHAT HAPPENED THAT DAY. YET THE AGENCY MADE NO ATTEMPT TO REACH OUT TO THESE CARRIERS AND CO-WORKERS BECAUSE OF WHAT THEY WILL TESTIFY TO. MELODY GASKINS, AREA MANAGER IN HER AFFIDAVIT ANSWERING TO QUESTION (4) THAT THE EMPLOYEES WERE PLACED ON 16-7. EMERGENCY PLACEMENT.

EMERGENCY PLACEMENT, REASON BEING THE ZERO TOLERANCE STATES THAT WHENEVER
THERE IS A PHYSICAL OR ORAL ALTERCATION BOTH PARTIES ARE TO BE PUT OFF
THE CLOCK AS MR. PAYNE, MANAGER DID IN THE PERRY, HUBBARD CASE. IN MY
CASE I WAS PUT OFF THE CLOCK WITH NO PAY. EVEN AFTER MR. FAUNTLEROY
ADMITS TO SNATCHING THE LEAVE SLIP. WITNESSES WILL TESTIFY HOW THE
SUPERVISOR, FAUNTLEROY HARASSED ME, CALLED ME NAMES, REFUSED ME MEDICAL
TREATMENT A SECOND TIME WHEN MEDICAL UNIT WAS OPEN. I INDICATED TO
HIM IT WAS CLOSED MY FIRST ATTEMPT TO MEDICAL UNIT, I HAVE A WITNESS
TO THIS EXACT INCIDENT. ALSO EVEN AFTER SNATCHING THE LEAVE SLIP THAT
IS A FEDERAL LEGAL DOCUMENT, SCRATCHED WHAT WAS ON THE LEAVE SLIP, AND
BAWLED IT UP AND THREW IT IN THE TRASH. THIS IS AGAINST THE LAW TO
ALTER OR THROW AWAY A FEDERAL LEGAL DOCUMENT. BUT YET HE GETS NO
CORRECTIVE ACTION OR PUNISHMENT FOR HIS ACTIONS. THE AGENCY SPEAKS OF
THE LEAVE SLIP 3971 BUT NEVER PRODUCES THE LEAVE SLIP.
MANAGER CARREAS HAS SHOWED NEGATIVITY AGAINST ME, ABOUT MEDICAL PROBLEMS.
ON AUGUST 17, 2005, I GOT HURT IN MY WORK SECTION DUE TO LACK OF WORK
FORCE, AND WORKING ME OUT OF MY RESRICTIONS. WHEN I REPORTED THE INJURY
TO MR. MCKINNEY, HE MADE NO ATTEMPT TO GET ME A CA-I FORM. ALSO PRIOR
TO MY 8/17/2005 ACCIDENT, MS. CARREAS WANTED ME AS WELL AS MCKINNEY TO
CANCELLED ALL DOCTORS APPOINTMENTS, BUT I REFUSED AFTER I GOT HURT
WHILE DOING PARCELS. WHENEVER QUESTIONED ABOUT MY INJURY MS. CARREAS
BRINGS UP THE INCIDENT WHICH HAPPEN APPROX 15 DAYS APART. I WAS DENIED
THE RIGHT TO BENEFITS BECAUSE OF CARREAS SENDING FALSE STATEMENTS ABOUT
THE INCIDENT ON 9/1/2005, MY INJURY HAPPENED ON 8/17/2005. LINDA YOUNG,
COMP. SPECIALIST, INCLUDING MS. SIMMONS, TOLD THE AGENCY TO PAY ME
BECAUSE I WAS ENTITLED TO PAYMENT, CARREAS REFUSED.

MS. CARREAS MAKES SEVERAL FALSE STATEMENTS THAT HAS NOTHING TO DO WITH THE INCIDENT ON 8-17-2005. FOR SOMEONE NOT PRESENT HAS A LOT OF INPUT. I WORK UNDER THE SAME CHAIN OF COMMAND AS PERRY & HUBBARD. THE DISCRIMINATION TAKES PLACE STATING THAT BOTH EMPLOYEES SHOULD HAVE BEEN PUT OFF THE CLOCK SEPT. 1, 2005. BOTH SHOULD HAVE BEEN CHARGED WITH ZERO TOLERANCE LAW.

ONCE THE SUPERVISOR FAUNTLEROY SNATCHED THE LEAVE SLIP, HE TURNED HIS BACK OUT OF REFLEXES, AS I REACHED FOR THE SLIP I SAID "YOU DON'T SNATCH NOTHING FROM ME". HE ADMITS HE TURNED HIS BACK TO ME. SINCE HE THREW THE LEAVE SLIP IN THE TRASH, THE AGENCY HAS NOT PRODUCE THE 3971 LEAVE SLIP, AN OFFICIAL DOCUMENT.

ACCORDING TO THE LAW HE HAS NO RIGHT TO TAKE THE LEAVE SLIP, SCRATCH ON IT, BAWL IT UP AND DISCARDED IT IN THE TRASH. TESTIMONY WILL SHOW THAT THE SUPERVISOR HARASSED ME AND THAT IS PART OF THE ZERO TOLERANCE POLICY. THE MAIN QUESTION HERE IS WHY ARE MALE SUPERVISORS TREATED DIFFERENTLY FROM ME? ONCE AGAIN I HAVE PROVED A PRIME-FACIE CASE OF DISCRIMINATION. THE TWO MANAGERS AS WELL AS MYSELF ARE UNDER THE SAME MANAGERS THAT SIGNED BOTH ZERO TOLERANCE POLICIES. BUT YET BOTH WERE HANDLED ENTIRELY DIFFERENT. I, ANGELA D. MCALISTER REQUESTING A HEARING IN ORDER TO GIVE ME THE OPPORTUNITY TO PROVE MY CASE. AT THIS HEARING I WOULD LIKE A JURY TRAIL, I'M DEMANDING FOR A JURY TRAIL, SO I CAN HAVE A FAIR HEARING.

WITNESS TO BE SUBPOENA ARE:

1) ROSITA SHAW - WITNESS TO THE INCIDENT ON SEPTEMBER 1, 2005
2) JEAN DICKERSON - WITNESSED THE INCIDENT ON SEPTEMBER 1, 2005

3) JOHN HARPER -SHOP STEWARD- WITNESS TO THE INCIDENT ON SEPTEMBER 1, 2005
   IMPORTANT FACT WHY MANAGER CARREAS TOOK A SHOP STEWARD IN THE
.... INVESTIGATION ROOM WHO WAS NOT PRESENT INSTEAD OF MR. JOHN HARPER
   WHO WITNESS THE ENTIRE INCIDENT.

4) SIDNEY PERRY -BETHESDA POST OFFICE CARRIER -TESTIFY TO SUPERVISOR
   ELBOWED HIM

5) JOHNNIE EASTON -WITNESS OF ME BEING HARASSED BY SUPR, FAUNTLEROY.


I RECIEVED A LETTER FOR A PRE. DISCIPLINARY INTERVIEW DATED 9-12-05,
WAS SET AT 12:00AM. THE MIDNIGHT SHIFT. ALL EMPLOYEES INVOLVED ARE
ON THE DAY SHIFT. I CALLED AT 11:00PM TO INFORM THEM, THAT I WOULD
NOT BE THERE BEING UNDER DOCTORS CARE, NO ONE ANSWERED THE PHONE. ALSO
I WAS TOLD BY INSPECTORS THAT IF I CAME TO THE POST OFFICE THAT I WILL
BE ARRESTED. NEVER RECEIVED ANY THING IN WRITING THAT I COULD COME TO
THE POST OFFICE. ALSO YOU CANNOT GIVE A PDI AFTER YOU HAVE PUT AN
EMPLOYEE OFF THE CLOCK. THIS WAS TOLD TO ME BY MY UNION. THE POSTAL
STATIONS ARE CLOSED ON MIDNIGHT SHIFT. THE INSPECTION REPORT REVEALS
THAT THE ONLY WITNESSES WERE THE MANAGEMENT OFFICIALS AND MY HUSBAND'S
STATEMENT TOWARD THEY TWISTED TO THEIR BENEFIT. DISCIPLINARY ACTION
BY THE SUPERVISOR HAS FIRST BEEN REVIEWED AND CONCURSED IN BY THE
INSTALLATION HEARD OR DISAGREE. IF YOU LOOK AT THE EMERGENCY SUSPENSION
LETTER MR. VINCENT MCKINNEY AND NO HIGHER MANAGEMENT OFFICIAL CONCURRING
THE ACTION. THIS IS A VIOLATION OF ARTICLE 16.8 THE EMERGENCY PLACEMENT
SHOULD HAVE BEEN OVER TURNED. I HAVE PROVEN A PRIME A FACIE CASE AND
THEREFORE REQUEST HEARING. INVESTIGATION REQUESTED AN AFFIDAVIT FROM
SUP, MCKINNEY, WHO AT THIS TIME HAD NOT PROVIDED ONE. THE INVESTIGATOR
REQUEST SEVERAL TIMES WITH NO RESPONSE. LET THE RECORD SHOW THAT MR.
MCKINNEY SIGNED THE EMERGENCY PLACEMENT BUT WAS NOT PRESENT AT THE TIME
OF THE INCIDENT AND HAS REFUSED TO GIVE AN AFFIDAVIT. AFTER

-6-

AFFIDAVIT C #4 AND 5 CARREAS STATES IN #4 SHE HAD NO KNOWLEDGE OF

MR. HUBBARD'S SUPERVISORS WHERE. THIS IS AN INTRUTH. #5 WHERE THEY

IN THE SAME CHAIN OF COMMAND. SHE STATES SHE WAS NOT AWARE. THIS

IS AN INTRUTH. CARREAS STATES ON AFFIDAVIT C THAT MANAGEMENT WAVED NOT

PAY. I WAS CONSTANTLY DENIED PAY  BECAUSE I USED FAMILY MEDICAL LEAVE

OR WHEN MANAGEMENT WOULD ASK ME TO CANCEL DOCTOR APPOINTMENTS, BUT

AFTER MY INJURY AUGUST 17, 2005, I REFUSED TO CANCEL ANYMORE

BECAUSE MY INJURY HAD GOT WORSE. CARREAS ENTIRE AFFIDAVIT SHOWS HOSTILITY

TOWARD ME AND NOT CONCERNING THE INCIDENT THAT OCCURRED. AS IF I WILL

USE THIS TO GET BACK SYNDROME.


1. I'M ASKING FOR A JURY TRIAL

2. I'M REQUESTING FOR $900,000,00  DUE TO THE SEVERE MENTAL AND

   PHYSICAL ABUSE, THAT WAS PUT ON ME.

3. THE RELIEF I'M REQUESTING FROM THE COURT, THAT EVERY MANAGER,

   SUPERVISORS, INSPECTORS, AND ANY OTHER PERSONS GIVEN

   CORRECTIVE ACTION, FOR THE LIES AND FALSE STATEMENTS THAT

   WERE PLACED UPON ME, INCLUDING DENIAL OF MEDICAL TREATMENT.


*Angela D McAlister 12/18/2006*

ANGELA D. MCALISTER
5524 KENNEDY STREET
RIVERDALE, MD   20737-2418

*LeShawn W Harris*
LeSHAWN W. HARRIS
NOTARY PUBLIC
PRINCE GEORGES COUNTY
MARYLAND
My Commission Expires March 28, 2010

## UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

Angela D. McAlister,                )
    Complainant,                 )    Date:        September 25, 2006
                                )
                                )    Agency Case No.   4K-200-0006-06
      v.                          )
                                )    EEOC No.          570-2006-00357X
John E. Potter,                     )
Postmaster General,                 )
U. S. Postal Service,               )
Capital Metro Operations,           )
    Agency.                      )
_____)

## NOTICE OF FINAL ACTION

This will be the Agency's **Notice of Final Action,** in accordance with 29 C.F.R., Part 1614.110(a) on the above-cited discrimination complaint filed on December 16, 2005.  The complainant alleged discrimination based on race (Black), sex (Female), age (D.O.B.-8/15/56), mental disability (Stress), and retaliation (Prior EEO activity), when:  (1) on September 1, 2005, she was put in Emergency Placement in Off-Duty Status Without Pay; and, (2) on October 17, 2005, she was issued a Notice of Removal.

On September 12, 2006, EEOC Administrative Judge Frances del Toro issued a summary judgment decision finding no discrimination by the agency against the complainant.  This decision was received by the Postal Service on September 15, 2006.

I have reviewed the entire record and I have decided to implement the decision of the Administrative Judge.

### COMPLAINANT'S APPEAL RIGHTS

*Right to file a civil action*

If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision.  If you choose

07 0016

**FILED**

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

to file a civil action, that action should be captioned Angela D. McAlister vs John E. Potter, Postmaster General, U.S. Postal Service. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just.  Your application must be filed within the same 90-day time period for filing the civil action.

### *Appeal to the Equal Employment Opportunity Commission*

In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of this decision, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of the decision.  The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, Washington, DC  20036-0848, or by personal delivery to 1801 L Street NW 5th Floor, Washington, DC 20507, or facsimile to (202) 663-7022.  The complainant should use PS Form 3573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing.  Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office:  National EEO Investigative Services Office, U. S. Postal Service, P. O. Box 21979, Tampa, Florida  33622-1979.  In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit.  In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision.  A civil action may also be filed after 180 calendar days of your appeal to

- 2 -

the EEOC, if you have not received a final decision on your appeal.

Brenda Morrison-Wesley
EEO Compliance & Appeals Specialist
Capital Metro Operations

Attachments:
1.    Certificate of Service
2.    PS Form 3573, "Notice of Appeal/Petition" (Complainant and Complainant's representative, if an attorney)

### UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

#### Angela D. McAlister , Complainant
#### Agency Case No.  4K-200-0006-06
#### EEOC No.  570-2006-00357X


#### CERTIFICATE OF SERVICE

For timeliness purposes, it is presumed that the Notice of Final
Action was received by the following individuals within five (5)
calendar days after it was mailed on the date indicated below.

**COMPLAINANT:**
ANGELA D MCALISTER
5524 KENNEDY STREET
RIVERDALE MD   20737-2418

**COMPLAINANT'S REPRESENTATIVE:**
VEOLA JACKSON
5724 NORTHWOOD DRIVE
BALTIMORE MD   21212-3218

**AGENCY'S REPRESENTATIVE:**
KARLA M MALONE
CAPITAL METRO LAW OFFICE
400 VIRGINIA AVENUE SW STE 650
WASHINGTON DC 20024-2730

**ADMINISTRATIVE JUDGE:**
FRANCES DEL TORO
WASHINGTON FIELD OFFICE
1801 L STREET NW STE 100
WASHINGTON DC   20507-0001

9/25/06
_____
Date

OFFICE OF EEO COMPLIANCE AND APPEALS
CAPITAL METRO OPERATIONS
US POSTAL SERVICE
PO BOX 1730
ASHBURN VA   20146-1730



**UNITED STATES POSTAL SERVICE** ®

## Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations

| 1. Appellant's Name *(Last, First, MI) (Please Print or Type)* | 2. Daytime Telephone No. *(Include Area Code)* |
|---|---|

3. Home Mailing Address

| 4. Name of Attorney or Other Representative *(If any)* | 5. Telephone No. *(Include Area Code)* |
|---|---|

6. Address of Attorney or Other Representative *(If applicable)*

7. Has the Appellant Filed a *Formal Complaint* with His/Her Agency?

☐ No    ☐ Yes – Indicate the Agency's Complaint No.: _____

8. Name of Agency Being Charged with Discrimination

9. Location of Duty Station or Local Facility in Which the Complaint Arose

10. Has a *Final Decision* Been Issued by the Agency or MSPB on this Complaint?

☐ Yes *(Indicate the date the appellant received it, _____, and attach a copy.)*

☐ No

☐ This Appeal Alleges a Breach of a Settlement Agreement.

11. Has a Complaint Been Filed on This Same Matter with the Commission, Another Agency, or Through Any Other Administrative or Collective Bargaining Procedure?

☐ No    ☐ Yes *(Indicate the agency of procedure, complaint/docket number, and attach a copy, if appropriate.)*

12. Has a Civil Action (Lawsuit) Been Filed in Connection with This Complaint?

☐ No    ☐ Yes *(Attach a copy of the civil action filed.)*

**NOTICE:** Before mailing this appeal, please be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 U.S.C. § 1001.

| **Privacy Act Statement** |
|---|

*(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof is given below.)*

1. **Form Number/Title/Date:** EEOC Form 573, Notice of Appeal/Petition (April 1992 edition).

2. **Authority:** 42 U.S.C. § 2000e-16.

3. **Principle Purpose:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **Routine Uses:** Information provided on this form will be used by Commission employees to determine (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has

jurisdiction over the issue(s) raised in the appeal; and (d) generally to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and such as, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in de-personalized form as a database for statistical purposes.

5. **Whether Disclosure is Mandatory or Voluntary and Effect on Individual for not Providing Information:** Since your appeal is voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

| 13. Signature of Appellant or Appellant's Representative | Date |
|---|---|

Send Your Appeal to:

**THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OFFICE OF FEDERAL OPERATIONS PO BOX 19848 WASHINGTON DC  20036-9848**

| For EEOC Use Only | OFO Docket No |
|---|---|

PS Form **3573**, June 2001

EEO Services Analyst
National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

November 6, 2006

Signature Confirmation Number 2305 0270 0001 2834 2337

Mr. Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
Equal Employment Opportunity Commission
P. O. Box 19848
Washington, DC 20036-0848

                              RE: *Angela McAlister v. John E. Potter, PMG*
                              OFO Docket Number  **UNKNOWN**
                              EEOC Number 570-200600357X
                              Agency Case Number 4K-200-0006-06

Dear Mr. Barnhart:

The subject complainant has filed a Notice of Appeal/Petition to the EEOC in the above referenced matter, received by the Agency on October 30, 2006.   The complainant has provided the agency with a copy of her appeal and supplied a statement and documents in support of that appeal. Enclosed, please find the official EEO complaint file in the referenced case.

The complainant has asserted that she was discriminated against because of her race, sex, age, mental disability,  and retaliation when she was terminated from the Postal Service.

On September 12, 2006 Administrative Judge Frances del Toro granted the Agency's motion for summary judgment and issued a  decision and order in this case. Administrative Judge del Toro determined that the complainant had not established that she was discriminated against relative to the issues raised in her complaint. On September 25, 2006, 2006, the Agency issued its notice of final action adopting the Administrative Judge's decision.

The complainant's claim and appeal are based solely on her lack of her ability to establish a prima facie case of discrimination. The appeal was submitted with numerous exhibits attached that should not be considered in that she had ample time to respond to imposed time frames but failed to do so. However, even if those documents are considered, they cannot change the fact circumstances or rulings in the case, and they do not aid her in establishing that she is similarly situated to those employees. Her unsupported opinions about management's articulated legitimate reasons for its actions do not establish that the reasons are pretextual.   She fails to offer any evidence neither to support her opinions nor to refute the fact that she engaged in the conduct she was placed in an emergency off duty status and subsequently issued a removal notice for.

- 2 -

*Angela McAlister v. John E. Potter, PMG*
OFO Docket Number **UNKNOWN**
EEOC Number 570-200600357X
Agency Case Number 4K-200-0006-06

The complainant's appeal offers no substantive cause as to why the Administrative Judge's or the Agency's actions should be overturned. Therefore, the appeal should be summarily dismissed.

The Postal Service urges the Commission to sustain its final agency decision.

Sincerely,

Kelly D. Lewis
EEO Services Analyst

Enclosures:    Complainant Notice of Appeal
               Agency Notice of Final Action
               AJ Order Entering Judgment

cc:
Angela McAlister
5524 Kennedy Street
Riverdale MD 20737-2418

Veola Jackson
5724 Northwood Drive
Baltimore MD 21212-3218

Karla M. Malone, Esq
USPS Law Department
Capital Metro Office
400 Virginia Avenue SW STE 650
Washington DC 20024-2730

Manager, EEO Compliance and Appeals
Capital Metro Operations
PO Box 1730
Ashburn VA 20146-1730

Manager, Human Resources
Capital District
900 Brentwood Road NE
Washington DC 20066-5319



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
P. O. Box 19848
**Washington, D.C. 20036**

Nov 17, 2006

Angela McAlister                    Docket # : 0120070498
5524 Kennedy St                     Filed    : 10/25/06
Riverdale, MD 20737                 Agency Number(s): 4K200000606

Dear Ms. McAlister:

This Commission acknowledges receipt of the above referenced appeal on the date
indicated.  Any statement or brief in support of the appeal must be submitted to
the Commission as well as to the agency within 30 days of filing the notice of
appeal.  The Commission will accept statements or briefs in support of an appeal
by facsimile transmittal (Fax number 202-663-7022) provided they are no more
than ten (10) pages long.  You are reminded that it is your responsibility to
ensure that the agency receives a copy of any material you submit to this
office.  You should reference the above docket number in all submissions and
correspondence to the Commission.

You will be notified by first class mail as soon as a decision is reached on the
appeal.  You are responsible for providing the Commission with notice of any
change of address.  The Commission will terminate the processing of the appeal
if you file a civil action, in accordance with 29 CFR 1614.410.

The Commission's appellate regulations are found in Title 29, Code Of Federal
Regulations, Part 1614 and at 64 Federal Register 37644 (1999).  The regulations
are available on the Internet on EEOC's Home Page: WWW.EEOC.gov.  You are urged
to review these regulations.

If you have questions regarding the processing of the appeal, please call the
EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the
Attorney of the Week.

Sincerely,

Robert J. Barnhart

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

CC:
Veola Jackson
5724 Northwood Dr
Baltimore, MD 21212

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION
OFFICE OF FEDERAL OPERATIONS
WASHINGTON, DC

| | | |
|---|---|---|
| ANGELA D. MCALISTER, | § | |
| Complainant, | § | OFO Appeal No: Unknown |
| | § | |
| v. | § | EEOC NO. 570-2006-00357X |
| | § | |
| JOHN E. POTTER, | § | AGENCY NO. 4K-200-0006-06 |
| Postmaster General, | § | |
| United States Postal Service, | § | |
| Agency. | § | |

## POSTAL SERVICE'S BRIEF IN OPPOSITION
## TO COMPLAINANT'S APPEAL

The OFO should affirm the Administrative Judge's (AJ) Decision and the Postal Service's final action that fully implemented the Administrative Judge's post-hearing decision which found that Angela McAlister failed to prove that she was subjected to discrimination because of sex, age, disability discrimination or retaliation when 1) on September 1, 2005 she was paced in an Emergency Placement in Off-Duty Status and 2) on October 17, 2005 she was issued a Notice of Removal.

McAlister's sole argument on appeal is that she was discriminated against and that the AJ improperly issued a decision in favor of the Postal Service. She failed to prove her allegation. Because she is presenting evidence that is not part of the record for the first time, her submitted documents should not be considered in this appeal.

### Background

McAlister was a mail processing clerk at the Curseen-Morris Post Office, Washington DC.[1]  On September 1, 2005, McAlister approached her supervisor Bobby

---

[1] IF, Affidavit A; IF, Exhibit 1.

1

Fauntleroy with a leave slip (PS 3971) stating she was denied access to the medical unit. Fauntleroy stated that she was not denied access to the medical unit, but that McAlister reported to the medical unit before it was open. Fauntleroy informed McAlister that the 3971 was inaccurate. As he proceeded to scratch out the inaccurate information McAlister grabbed the 3971, he then grabbed it back from her and turned around. While he was turned around, McAlister began shoving his and hitting his back before being restrained by Mr. McAlister.[2] He had no role in the Notice of Removal dated October 17, 2005.[3] The assault was witnessed by Jamelle Wood and Herman McAlister.

Nancy Carreras, Manager Curseen-Morris Post Office, placed McAlister on Emergency Placement in Off-duty Status without Pay on September 1, 2005, for assaulting Fauntleroy. Fauntleroy contacted Carreras following the assault stating that McAlister pushed him, hit him several times and was swinging at him. McAlister violated the Postal Service's zero tolerance on violence on the workroom floor. Carreras concurs on all suspensions and removals.[4]

Jamelle Wood, Supervisor Customer Service, Curseen-Morris Main Post Office. Wood witnessed McAlister assaulting Fauntleroy on September 1, 2005. She was responsible, along with Fauntleroy, for making the decision to place McAlister on Emergency Placement on September 1, 2005. Carreras and Vincent McKinney[5] were responsible for the paperwork placing McAlister on Emergency Placement. The Emergency Placement was discussed with Carreras. Wood initiated the Notice of

---

2 IF, Affidavit B; IF, Exhibit 7.

3 IF, Affidavit B.

4 IF, Affidavit C.

5 Vincent McKinney, Supervisor Customer Service, Curseen-Morris signed the Emergency Placement in Off-Duty Status dated September 1, 2005.

2

Removal and Carreras concurred.[6]  On September 10, 2005, a pre-disciplinary interview (Pre-D) was scheduled with McAlister regarding the September 1, 2005 incident;[7] however, she failed to appear at the pre-discipline interview and failed to provide a reason for her non-attendance.[8]

On September 14, 2005, the Inspection Service completed its investigation regarding the altercation instigated by McAlister.  Herman McAlister admitted that Angela McAlister placed her hand on Fauntleroy's back. Mr. McAlister immediately grabbed is her to keep things from getting worse and escorted her out of the building before security arrived.[9]

McAlister's sex, age, disability and prior protected activity were not factors in management's decisions to issue the Emergency Suspension on September 1, 2005 and the Notice of Removal dated October 17, 2005.[10]

McAlister violated the following Postal Policies and Regulations: Employee and Labor Relations (ELM) § 661.53; ELM § 665.11; ELM § 665.13;  ELM § 665.16: ELM § 665.3; ELM § 666.51; and, the Capital Cluster Policy.[11]

The Postal Service filed its Motion to Dismiss on August 23, 2006. After considering all the evidence in the record, the AJ issued a decision on September 12, 2006, in which he found that the Postal Service did not discriminate against McAlister. The Postal Service fully adopted those findings in its Notice of Final Action of no discrimination on September 25, 2006.  McAlister filed this appeal on October 23, 2006.

---

6 IF, Affidavit D.

7 IF, Exhibit 5.

8 IF, Affidavit B.

9 IF, Exhibit 6.

10 IF, Affidavits B, C & D.

11 Postal Service's Motion for Summary Judgment, pp. 4-5.

### OFO's Standard of Review

Because this is an appeal from a final action adopting in whole the AJ's decision issued without a hearing, pursuant to 29 C.F.R. §1614.109(g)(1) and (g)(2), it is subject to de novo review by the Commission. 29 C.F.R. § 1614.405; *Rhoads – Coleman v. U.S. Postal Service*, EEOC Appeal No. 01A42059 (July 13, 2004). Its review is confined to the evidentiary record considered by the administrative judge; no new or additional evidence submitted for the first time on appeal can be considered. *Leary v. U.S. Postal Service*, EEOC Appeal Nos. 01A51021, 01A50928 (April 26, 2005).

### Argument

**A.    OFO should strike McAlister's evidence submitted on Appeal.**

Because the OFO review is confined to the evidentiary record no new or additional evidence can be submitted or considered for the first time on appeal. *Leary, Id.* McAlister submitted documents not already part of the record with her appeal. EEO Management Directive 110, Ch. 9 § VI.A.3 (1999) provides that no new evidence will be considered on appeal unless there is an affirmative showing that the evidence was not reasonably available prior to or during the investigation. *Gamble v. U.S. Postal Service*, EEOC Appeal No. 01A54872 (November 10, 2006); *Su v. Department of Army*, EEOC Appeal No. 01A54895 (January 5, 2006). McAlister failed to participate in discovery and she failed to respond to the Postal Service's Motion to Dismiss. The information she allegedly provided is not newly discovered evidence as it was readily available during the processing of this complaint. Therefore, OFO should strike any evidence submitted and affirm the AJ's Decision of no discrimination.

4

**B.    OFO should affirm the Postal Service's Notice of Final Action and the AJ's Decision in favor of the Postal Service because a preponderance of the evidence does not establish that discrimination occurred.**

McAlister assaulted her supervisor.   Two employees, including her husband, witnessed the assault.   McAlister's husband admitted to the Inspection Service that Angela McAlister improperly touched her supervisor.   AS a result she was placed on Emergency Suspension and subsequently terminated.

McAlister alleged that she was subjected to discrimination because of sex, age, disability and retaliation. The anti-discrimination statutes administered by the EEOC prohibit an agency from acting adversely to an employee or applicant because of certain specifically designated classifications. *Cornell-White v. Department of Transportation*, EEOC Appeal No. 01982261 March 27, 2001); *McNeil v. Department of the Army*, EEOC Appeal No. 01941350 (October 4, 1994); *Raytheon Company v. Hernandez*, 540 U.S. 44 (2003).   Discrimination suits require complainant's produce evidence of discrimination. *Rubinstein v. Administration of Tulane Education Fund*, 218 F.3d 392, 400 (5th Cir. 2000), cert. denied 121 S. Ct. 1393 (2001)(*citing and interpreting Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)).   The AJ properly found that she failed to provide evidence to prove her allegations. The AJ's finding is supported by substantial evidence and should be affirmed by the OFO.

In order for McAlister to establish pretext she must show by a preponderance evidence that the Postal Service's reasons were merely a pretext for discrimination. Preponderance of the evidence is defined by Barron's Law Dictionary as "more convincing than the opposing evidence".   She failed.   In fact, McAlister never provided any response to the Postal Service's Motion to Dismiss.   McAlister failed to come

5

forward with any evidence throughout the discovery process or in response to the Motion to Dismiss that the Postal Service discriminated against her. *Lane v. U.S. Postal Service*, EEOC Appeal No. 01A55852 (February 3, 2006)(Complainant failed to respond to Agency's motion for summary judgment; AJ reviewed the entire record and ruled in favor of the Agency. OFO affirmed AJ's Decision).

Judge del Torro properly determined that McAlister did not establish by a preponderance of the evidence unlawful discrimination.

### Conclusion

The AJ considered the record and issued a Decision. He properly applied the law to the facts and found that McAlister failed to prove that the Postal Service discriminated against her. The Postal Service fully implemented the AJ's finding of no discrimination. The OFO should affirm the Postal Service's final decision.

Respectfully submitted,

Karla M Malone
Paralegal Specialist
United States Postal Service
Capital Metro Law Department
8200 Corporate Drive
Landover, MD 20785-2244
Phone: (301) 577-5972

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November 2006, a true and correct

copy of the foregoing Postal Service's Brief in Opposition to Complainant's Appeal was

sent to:

**Equal Employment Opportunity Commission**
Office of Federal Operations
P.O. Box 19848
Washington, DC 20036
 (202) 663-7022 (Fax)

**Complainant's Representative – via first class mail, postage prepaid**
Veola Jackson
5724 Northwood Drive
Baltimore, MD 21212-3218

**Complainant – via first class mail, postage prepaid**
Angela D. McAlister
5524 Kennedy Street
Riverdale, MD 20737

Karla M Malone

7


**UNITED STATES**
**POSTAL SERVICE**

September 12, 2005

Subject:  Pre-Disciplinary Interview

Angela McAlister
5524 Kennedy Street
Riverdale, Md.  20737-2418

You are hereby being notified that you must appear on September 26, 2005 at 12:00am for a Pre-disciplinary Interview.  If for any reason you cannot attend you are to notify the office and speak with a supervisor to make other arrangements.  The phone numbers we can be reached are as follows:  202-636-2289, 90, 91, 92, 2337 and 2338.

Jamelle Wood
Associate Supervisor, Customer Services

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

ANGELA MCALISTER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**DEFENDANTS**

JOHN E. POTTER

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

CASE NUMBER 1:07CV00016

JUDGE: Rosemary M. Collyer

DECK TYPE: Employment Discrimination

DATE STAMP: 01/04/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENS** FOR PLAINTIFF AND

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIV. ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1.4.07   SIGNATURE OF ATTORNEY OF RECORD   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

