UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ANGELA D. McALISTER,**            )
                                    )
      **Plaintiff,**          )
                                    )
  **v.**                           )    Civil Action No. 07-0016 (RMC)
                                    )
**JOHN E. POTTER, Postmaster General,** )
                                    )
      **Defendant.**          )
_____ )

## ORDER

    Plaintiff brings this employment discrimination action against her former employer, the Postmaster General. This matter is before the Court on Plaintiff's motion for appointment of counsel and Defendant's motion to dismiss. The Court will deny Plaintiff's motion, and will defer its ruling on Defendant's motion to dismiss in order that Plaintiff have an opportunity to file an opposition.

*I. The Court Denies Plaintiff's Motion for Appointment of Counsel*

    A plaintiff in a civil case generally does not have a constitutional or statutory right to counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). When leave has been granted pursuant to 28 U.S.C. § 1915 for a *pro se* plaintiff to proceed *in forma pauperis*, the judge presiding over the case may appoint an attorney from the Civil Pro Bono Panel to represent her. *See* Local Civil Rule 83.11(b)(3). An appointment should be made taking into account the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by

appointment of counsel. *Id*. Upon consideration of plaintiff's motion to appoint counsel, and in light of the considerations prescribed by the Local Civil Rules, her motion for counsel will be denied.

*II. Plaintiff's Opposition to Defendant's Motion to Dismiss is Due on June 22, 2007*

Plaintiff is advised that the Court will rule on Defendant's pending motion to dismiss taking into consideration the facts proffered in the complaint, along with Plaintiff's response or opposition to it. Plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). In addition, Plaintiff's attention is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party [by mail], 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e). The Court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the defendant's motion in this case carries with it the risk that the case will be dismissed.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel [Dkt. #6] is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiff shall file her opposition or other response to Defendant's motion

to dismiss by **June 29, 2007**.  If Plaintiff fails to file a timely opposition, the Court may treat the motion as conceded and may dismiss this action.

    **SO ORDERED**.


Date: May 30, 2007                                                                       /s
                                                                       ROSEMARY M. COLLYER
                                                                       United States District Judge