**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| ANGELA D. MCALISTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0016 (RMC) |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff argues that defendant's motion to dismiss should be denied because the 180 days that plaintiff is required to wait before filing a civil action, after filing an administrative appeal to the Equal Employment Opportunity Commission ("the Commission"), have now since passed. Pl. Opp. at 2. Plaintiff also argues that defendant's motion should be denied because the filing of an administrative appeal is optional and plaintiff was not even required to do so before filing a civil action. Id. Both arguments are unconvincing.

### DISCUSSION

Notably, plaintiff does not dispute that the applicable regulations provide that an employee who has appealed a final decision to the Commission may not bring a civil action until after 180 days have passed. See 29 C.F.R. § 1614.407(a). Plaintiff also does not dispute that she filed an appeal with the Commission and then prematurely filed the instant civil action only 73 days later. Admittedly, the 180-day waiting requirement is not jurisdictional and equitable considerations may be considered by the Court. Martini v. Fed'l National Mortgage Ass'n, 178

F.2d 1336, 1348 (D.C. Cir. 1999).  However, plaintiff has failed to meet her burden in

demonstrating any such considerations.  Bayer v. United States Dep't of Treasury, 96 F.2d 330,

33 (D.C. Cir. 1992) (plaintiff bears the burden of pleading and proving equitable factors

sufficient to excuse non-compliance with requirements).  In responding to the defendant's motion

to dismiss, plaintiff merely argues that since 180 days have now since passed, she should be

allowed to go forward with her complaint.  Pl. Opp. at 2.  She provides absolutely no explanation

for her failure to observe the applicable time frames, nor does she make any other attempt to

plead and prove facts that support waiver, estoppel, or equitable tolling of the time frames.

Plaintiff's unwillingness to properly exhaust her administrative remedies, even constructively,

should not be endorsed because it is clearly contrary to governing law and regulations.  See Jones

v. Ashcroft, 321 F.Supp.2d 1, 11 (D.D.C. 2004) ("the rationale behind Title VII's waiting

requirements is to give the Commission time to 'informally resolve as many charges as possible')

(quoting Martini at 1338.  Moreover, in a legal system in which the courts' dockets are

substantially overburdened and many other individuals are waiting for their day in court, it would

be unjust to reward the plaintiff for prematurely filing her civil action by effectively allowing her

to jump to the front of the line.  Cf. McNeil v. United States, 508 U.S. 106, 112-13 (1993)

(holding that where Congress intended to require complete exhaustion of administrative remedies

before invocation of the judicial process, a party may not bring a Federal Torts Claim Act action

in District Court when he failed to exhaust administrative remedies prior to filing suit, even

though he did so before substantial progress was made in the litigation).

    Plaintiff also argues that the defendant's motion should be denied because she was not

even required to first file an appeal to the Commission before she proceeded to District Court.

However, it is undisputed that when an employee elects not to appeal an Agency's final decision, the employee must bring a civil action within ninety days of receipt of the final decision.  29 C.F.R. § 1614.407(a); see also Price v. Greenspan, 374 F.Supp.2d 177, 184 (D.D.C. 2005).  In this case, the Agency issued its final decision on September 25, 2006.  Def. Mot. to Dismiss, Attachment 2.  In the final decision, and consistent with the applicable regulations, the Agency notified Plaintiff of her right to file a civil action in United States District Court, but specifically stated that she had to do so within ninety calendar days.  Id.  Plaintiff did not file the instant civil action until January 4, 2007, 101 days after the Agency' s final decision was issued.  See Docket Entry 1; see Smith v. Dalton, 971 F.Supp. 1, 2-3 (D.D.C.1997) (suit filed ninety-one days after final agency action is barred).  Thus, even if Plaintiff had opted to forego her administrative appeal and to go directly to federal court, her complaint would have been untimely and still improper.[1]

<u>CONCLUSION</u>

For the foregoing reasons and the reasons discussed in defendant's motion to dismiss, defendant respectfully requests that  this complaint be dismissed for failure to exhaust administrative remedies.[2]

---

[1]Plaintiff also appears to argue that she had the right to terminate her appeal to the Commission at any time and proceed with a civil action.  Pl. Opp. at 2.  However, plaintiff cites to no legal authority whatsoever for this proposition.  Plaintiff does cite to 29 C.F.R. § 1614.409, however, this regulation only states that the filing of a civil action terminates the Commission's processing of the appeal; it does not state that an employee may terminate an appeal at any time and go immediately to District Court.  As discussed in defendant's motion to dismiss, the applicable regulations clearly provide that an employee who has appealed to the Commission must wait 180 days before bringing a civil action.  See 29 C.F.R. § 1614.407(a).

[2]For these same reasons, Defendant also opposes Plaintiff's motion to amend his complaint.

3

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)