UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA MCALISTER )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>JOHN E. POTTER,　　　　　　　　)<br>POSTMASTER GENERAL　　　　　)<br>U.S. POSTAL SERVICE　　　　　　)<br>　　　　　Defendant.　　　　　　　)<br>　　　　　　　　　　　　　　　　) | Civil Action No.:<br>07-0016 (RMC) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Plaintiff Angela McAlister (McAlister), by and through counsel, and files this First Amended Complaint against Defendant John E. Potter, Postmaster General, U.S. Postal Service ("Defendant Potter" or "Defendant USPS").

### Jurisdiction and Venue

1. This Court has jurisdiction over the federal claim in this action pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

### Parties

3. Plaintiff Angela McAlister (hereinafter "Plaintiff" or "Ms. McAlister") is an African American female with a disability, formerly employed by the U.S. Postal Service (hereinafter "Defendant" or "USPS").  Defendant John E. Potter is the Postmaster General for the USPS.

### FACTS

4. Ms. McAlister began employment at the Postal Service in 1980.  In 2005, she was a clerk at a postal facility in Washington, D.C.

5. On September 1, 2005, Ms. McAlister arrived at work for her 5:00 am to 1:00 pm shift. Ms. McAlister became ill and filled out a leave slip. Ms. McAlister submitted a leave slip to her supervisor, Robert Fauntleroy, and indicated the reasons she was requesting leave. Fauntleroy took the leave slip and then proceeded to cross out the reasons stated by Ms. McAlister for requesting leave. Ms. McAlister took the leave slip from Fauntleroy. Fauntleroy responded by grabbing the leave slip out of Ms. McAlister's hands and turning his back to her with the leave slip in his hands. Ms. McAlister attempted to retrieve the leave slip from Fauntleroy while yelling at Fauntleroy that he could not snatch anything out of her hand. Ms. McAlister made incidental contact with Fauntleroy's back for a few seconds while she attempted to retrieve her leave slip. Fauntleroy later crushed the leave slip into a ball in his hands and threw it in the trash. Plaintiff was placed on emergency off-duty status without pay on September 1, 2005, and Plaintiff was issued a notice of removal on October 17, 2005. No action was taken against Fauntleroy for grabbing the leave slip from Ms. McAlister or altering an official personal (Ms. McAlister's leave slip) without authority to do so, or throwing the leave slip into the trash.

6. Ms. McAlister's placement on non pay, non duty status violated the National (Union) Agreement which provides that when an employee is placed on non pay non duty status, which effects pay, a higher management official must concur. Two lower level two managers, Jamelle Wood and Nancy Carreras, signed the notice placing Ms. McAlister on non pay status.

7. In November 2005, U.S. Postal Inspectors came to Ms. McAlister's home, screamed through her front door, broke her storm door, and left threatening messages on

2

her answering service.  Ms. McAlister was forced to call the Prince George's County Police Department.  Ms. McAlister was later informed that the Postal Service had obtained a stay away order and a warrant for her arrest.  The postal inspectors initially attempted to get Ms. McAlister to go to the postal facility which would have violated the stay away order.  Ms. McAlister later agreed to drive herself to the District of Columbia Metropolitan Police Department.  At the police department, Ms. McAlister, who suffers from a number of permanent medical conditions, was arrested, handcuffed and dropped on the sidewalk by MPD officers.  She was later taken to the hospital and handcuffed to a wheelchair.  Ms. McAlister was charged with assault and spent eight days in jail.

       8.     A few months before the incident between Plaintiff and her supervisor, letter carrier Sydney A. Perry filed a complaint against his supervisor, Bryant R. Hubbard, arising from an incident which occurred on February 5, 2005 at the same facility where Ms. McAlister worked.  Supervisor Hubbard raised his forearm and struck Perry in the chest with enough force to cause Perry to move backward.  Hubbard and Perry were sent home for one day with pay.  No further disciplinary action was taken against Perry or Hubbard.

       9.     Ms. McAlister filed a timely claim of discrimination based on sex, age, disability and reprisal resulting from being placed on emergency off-duty status without pay on September 1, 2005, and being issued a notice of removal on October 17, 2005.  Ms. McAlister's claims proceeded to the EEOC and Judgment was entered in favor of the Agency on September 12, 2006.  The Agency issued a Notice of Final Action on September 25, 2006.  Ms. McAlister timely filed an appeal to the EEOC Office of Federal Operations on October 23, 2006.  That matter has now been pending before the

3

EEOC Office of Federal Operations more than 180 days, and Ms. McAlister has exhausted all administrative remedies and is now permitted to file a complaint in court.

### Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

10. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin; or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, or national origin.

11. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

128. At all pertinent times, Ms. McAlister was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

13. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally engaged in unlawful discrimination, including but not limited to subjecting Plaintiff to disparate treatment in terms, conditions and privileges of employment based on her sex. Plaintiff was placed on emergency placement in off-duty status without pay on September 1, 2005, and Plaintiff was issued a

notice of removal on October 17, 2005. Plaintiff's s male supervisor who initiated the incident by assaulting Plaintiff when he grabbed a leave slip out of her hands, and altered her official leave record and later threw it in the trash, was not disciplined in any way. In addition, approximately six months before the incident in question, a male supervisor assaulted a male letter carrier and an incident ensured in the workplace and neither was disciplined beyond being sent home for one day with pay.

30. The conduct of Defendant, by and through the conduct of its employees and/or agents, deprived Plaintiff of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a).

Wherefore Plaintiff prays that the court will:

A. Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a);

B. Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a);

C. Grant Ms. McAlister compensatory damages, including but not limited back pay and front pay and all lost benefits, and compensation for mental duress against Defendant;

D. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E. That the Court award Ms. McAlister such other relief as to which she may be deemed entitled.

5

                          Respectfully submitted,

By:           /s/
              David A. Branch #438764
              Law Office of David A. Branch, P.C.
              1825 Connecticut Avenue, NW #690
              Washington, D.C.  20009
              (202) 785-2805
              Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 6th day of September 2007, that a copy of the foregoing Plaintiff's First Amended Complaint was sent electronically to counsel for Defendant listed below:

Quan K. Luong
Special Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Room E-4417
Washington, D.C. 20530

                                        /s/
                                David A. Branch