# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELA D. MCALISTER, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 07-0016 (RMC) |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant, John E. Potter, Postmaster General, United States Postal Service, ("USPS" or "Agency"), by and through undersigned counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for dismissal of the plaintiff's first amended complaint for failure to exhaust administrative remedies.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        ___/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA D. MCALISTER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-0016 (RMC) |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Defendant hereby submits this memorandum of law in support of a motion to dismiss Plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant respectfully requests that the Court dismiss this first amended complaint for failure to exhaust administrative remedies.

**BACKGROUND**

On January 4, 2007, Plaintiff filed the instant complaint in the U.S. District Court for the District of Columbia. *Docket Entry 1*. Though her allegations were not entirely clear, Plaintiff, a former mail processing clerk with the USPS, appeared to be alleging that her September, 2005 placement in an emergency off-duty status without pay and her subsequent October, 2005 removal were the result of discrimination and retaliation.[1] Id.

---

[1] These actions stemmed from a September 1, 2005 incident between the Plaintiff and her supervisor, in which the Plaintiff physically assaulted her supervisor over a disagreement regarding her leave.

On March 7, 2007, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. In its motion, Defendant noted the following, pertinent facts: (1) that Plaintiff had filed an administrative complaint of discrimination; (2) that an Equal Employment Opportunity Commission ("the Commission" ) Administrative Judge ("AJ") entered summary judgment in favor of the Agency; (3) that the Agency issued a final decision adopting the decision of the AJ finding no discrimination; (4) that Plaintiff appealed the Agency's final decision to the Commission; and (5) that Plaintiff filed her civil action only 73 days after her appeal to the Commission. *Docket Entry 5*. Defendant pointed out that Plaintiff's filing of the civil action was premature, in violation of 29 C.F.R. § 1614.407(d), which requires that an employee who has filed an appeal to the Commission may not bring a civil action until after 180 days has passed. Id. Plaintiff then filed an opposition and Defendant filed a reply. *Docket Entries 14 and 15*.

On September 6, 2007, Plaintiff filed an amended complaint. *Docket Entry 16*. Plaintiff's discrimination and retaliation allegations remained largely the same. Id. On September 7, 2007, noting that Plaintiff had filed an amended complaint, the Court issued a minute order dismissing without prejudice the Defendant's motion to dismiss as moot.

## DISCUSSION

**I.     Legal Standard**

Fed. R. Civ. P. 12(b)(1): A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look

beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  Id.

      Fed. R. Civ. P. 12(b)(6):  In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Sullivan-Obst v. Powell, Secretary, Department of State, 300 F.Supp.2d 85, 91 (D.D.C. 2004).  Therefore, the complaint will be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Id.  Finally, while "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations."  Id.

## II.     Plaintiff Failed to Exhaust Her Administrative Remedies Properly

      The D.C. Circuit Court recognizes that the EEOC has been given "broad authority to enforce [Title VII's] antidiscrimination mandate within the federal government, including responsibility for issuing regulations to control federal agencies' processing of discrimination complaints."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing 42 U.S.C. § 200e-16).  Pursuant to this authority, the EEOC has established detailed procedures for resolving administrative complaints, including a series of time limits for filing formal charges.  Id. (citing 29 C.F.R. §1614).  It is well settled that failure to file suit within the time limits proscribed requires dismissal because the time limits, which serve as the basis for the limited waiver of sovereign immunity in section 2000e-16(c), must be strictly construed.  Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990).  In fact, courts have strictly enforced the time deadlines of the Title VII complaint process.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("plaintiff who fails to comply, to the

letter, with administrative deadlines ordinarily will be denied a judicial audience").

Regarding the filing of a civil action from the administrative process, the time frames for doing so are governed by 29 C.F.R. § 1614.407. Specifically, 29 C.F.R. § 1614.407 restricts an employee's right to bring a civil action to four defined periods:

(1) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(2) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(3) Within 90 days of receipt of the Commission's final decision on an appeal; or

(4) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

In the instant case, Plaintiff appealed the Agency's final decision to the Commission on or about October 23, 2006. As such, Plaintiff was required to proceed under subsection (d), which limits filing of a civil action to "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407(d). The D.C. Circuit has recognized that the rationale behind Title VII's waiting requirements is to give the Commission time to "informally resolve as many charges as possible." Martini v. Fed. Nat'l Mortgage Ass'n, 178 F.3d 1336, 1338 (D.C.Cir. 1999) (construing 42 U.S.C. §2000e-5(f)(1), which required Title VII complainants to wait 180 days after filing charges with the EEOC before suing private employers in federal court). In this case, Plaintiff filed the instant civil action on January 4, 2007, only 73 days after filing her appeal to the Commission. *Docket Entry 1*. Unlike the more typical cases of delay, Plaintiff filed her civil action prematurely. Nevertheless, the result should be the same because the regulation was equally unsatisfied, and

4

Plaintiff took affirmative steps to derail full administrative consideration.[2]  See Sommatino v. United States, 255 F.3rd 704, 708 (9th Cir. 2001) (abandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review).

      Admittedly, the 180-day waiting requirement is not jurisdictional and equitable considerations may be considered by the Court.  Martini v. Fed'l National Mortgage Ass'n, 178 F.2d 1336, 1348 (D.C. Cir. 1999).  In this case, however, the only argument offered by the Plaintiff is that she should be allowed to proceed with her amended complaint because 180 days have now passed.  Amended Compl. at 3-4.  This represents the same, lone insubstantial argument that she made in opposition to the Defendant's motion to dismiss her prior complaint and is equally unpersuasive here.  It is undisputed that Plaintiff's complaint was premature and thus improper at the time that she first filed it in January, 2007.  As such, Defendant submits that this matter has never been properly before this Court and Plaintiff cannot cure such a defect by simply amending her complaint and arguing that the requisite time has now passed.  Moreover, in a legal system in which the courts' dockets are substantially overburdened and many other individuals are waiting for their day in court, it would be unjust to reward the Plaintiff for prematurely filing her civil action by effectively allowing her to jump to the front of the line.  Cf. McNeil v. United States, 508 U.S. 106, 112-13 (1993) (holding that where Congress intended to

---

[2]  The requirement that an aggrieved employee must first seek relief in the agency that has allegedly engaged in discrimination is "not a mere technicality."  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996).  Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment."  Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984).  The "sine qua non for civil action is the filing of a complaint [with the agency]."  Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers.").

require complete exhaustion of administrative remedies before invocation of the judicial process, a party may not bring a Federal Torts Claim Act action in District Court when he failed to exhaust administrative remedies prior to filing suit, even though he did so before substantial progress was made in the litigation).

Plaintiff provides absolutely no explanation for her failure to observe the applicable time frames, nor does she make any attempt to plead and prove facts that support waiver, estoppel, or equitable tolling of the time frames. Plaintiff's unwillingness to properly exhaust her administrative remedies, even constructively, should not be endorsed because it is clearly contrary to governing law and regulations. See Jones v. Ashcroft, 321 F.Supp.2d 1, 11 (D.D.C. 2004) ("the rationale behind Title VII's waiting requirements is to give the Commission time to 'informally resolve as many charges as possible') (quoting Martini at 1338).

Therefore, because this case does not fall within any of the four categories set out in 29 C.F.R. § 1614.407, it was improperly filed and should be dismissed. Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S. 915 (1998); see Smith v. Henderson, 137 F.Supp.2d 313, 316 (S.D.N.Y. 2001) (failure to comply with the time provisions of 29 C.F.R. § 1614.407 warrants dismissal of the case). Moreover, Plaintiff has failed to meet her burden in demonstrating any equitable basis for considerations. Bayer v. United States Dep't of Treasury, 96 F.2d 330, 33 (D.C. Cir. 1992) (plaintiff bears the burden of pleading and proving equitable factors sufficient to excuse non-compliance with requirements).

## CONCLUSION

For the foregoing reasons, this amended complaint should be dismissed for failure to exhaust administrative remedies.

Respectfully submitted,

\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_\_/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
ANGELA D. MCALISTER,               )
                                   )
    Plaintiff                      )
                                   )
    v.                             )   Civil Action No. 07-0016 (RMC)
                                   )
JOHN E. POTTER,                    )
POSTMASTER GENERAL,                )
UNITED STATES POSTAL SERVICE       )
                                   )
    Defendants.                    )
_____)

**ORDER**

    Upon consideration of Defendant's Motion to Dismiss First Amended Complaint and the entire record herein, it is this _____ day of _____, 2007, hereby ORDERED that said motion is hereby granted and this case be dismissed.

_____
UNITED STATES DISTRICT COURT JUDGE