UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA MCALISTER           ) | |
|              Plaintiff,     ) | |
| v.                                             ) | Civil Action No.: |
|                        ) | 07-0016 (RMC) |
| JOHN E. POTTER,               ) | |
| POSTMASTER GENERAL    ) | |
| U.S. POSTAL SERVICE         ) | |
|              Defendant.  ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff Angela McAlister, by and through counsel, and files Plaintiff's Opposition to Defendant's Motion to Dismiss, and in support thereof states as follows.

Defendant has filed a motion to dismiss Plaintiff's amended complaint. Plaintiff initially filed a pro se complaint in January 2007. Defendant moved to dismiss because it claimed the complaint was filed prematurely. Plaintiff, represented by counsel, sought leave to file an amended complaint. The court responded that it was unnecessary to seek leave to file an amended complaint because the Defendant had not filed a responsive pleading. Plaintiff thereafter filed an amended complaint. Defendant has filed virtually the same motion to dismiss as the prior motion to dismiss, and now seeks dismissal because it contends, without any legal authority, that Plaintiff should not be permitted to file an amended complaint because it would permit her jump over other litigants. Defendant's motion, which borders on being frivolous since it advances an argument which would violate the applicable regulation, 29 C.F.R. Sec. 1614.407(d), should be

denied because it does not provide any legal or rational basis for dismissal of the complaint.

Argument

29 C.F. R. Sec. 1614.407(d) provides that a complainant is authorized to file a civil action in an appropriate U.S. District Court after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.  It is not disputed that it is now beyond 180 days since Ms. McAlister filed her appeal with the EEOC Office of Federal Operations, and she has not received a final decision by the Commission.  Thus, she has a right to file in district court.  The Defendant no longer argues that Ms. McAlister's complaint should be dismissed because she failed to exhaust her administrative remedies because she filed her complaint before waiting 180 days after filing an administrative appeal with EEOC Office of Federal (OFO), but now claims the case should be dismissed because Plaintiff should not be permitted to cure the defect of filing the complaint too early. This argument fails because there is no legal authority for this position and it defies common sense.  Defendant has not cited any authority for the position it advances.  The applicable statute, as previously argued by the Defendant, provides that a complainant may file in federal court 180 days after filing with the EEOC Office of Federal Operations.   This is what she has done and there is no basis to dismiss the complaint. The Defendant's motion should be denied.

Respectfully submitted,

By:       /s/
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805
Attorney for Plaintiff

## Certificate of Service

I hereby certify this 17th day of October 2007, that a copy of the foregoing Opposition to Motion to Dismiss was sent electronically to counsel for Defendant listed below:

Diane Sullivan
Special Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Room E-4417
Washington, D.C. 20530

      /s/
David A. Branch

3