UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELA D. McALISTER,                )<br>                                                     )<br>            Plaintiff,                           )<br>                                                     )<br>        v.                                          )<br>                                                     )<br>JOHN E. POTTER, Postmaster General, )<br>                                                     )<br>            Defendant.                      )<br>                                                     ) | Civil Action No. 07-0016 (RMC) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. For the reasons stated below, the Court will dismiss this action without prejudice.

### I. BACKGROUND

Plaintiff describes herself as "an African American female with a disability, formerly employed by the [United States] Postal Service." First Amd. Compl. ¶ 3. She brings this action under Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.*, and alleges that defendant "knowingly and intentionally engaged in unlawful discrimination, including but not limited to subjecting Plaintiff to disparate treatment in terms, conditions, and privileges of employment based on her sex," in violation of 42 U.S.C. § 2000e-2(a).[1] *Id.* ¶ 11.

---

[1] In relevant part, 42 U.S.C. § 2000e-2(a) provides:

> It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of
> (continued...)

1

> Plaintiff describes the events giving rise to her claim as follows:
>
> On September 1, 2005, [Plaintiff] arrived at work for her 5:00 am to 1:00 pm shift. [Plaintiff] became ill and filled out a leave slip. [Plaintiff] submitted a leave slip to her supervisor, Robert Fauntleroy, and indicated the reasons she was requesting leave. Fauntleroy took the leave slip and then proceeded to cross out the reasons stated by [Plaintiff] for requesting leave. [Plaintiff] took the leave slip from Fauntleroy. Fauntleroy responded by grabbing the leave slip out of [Plaintiff's] hands and turning his back to her with the leave slip in his hands. [Plaintiff] attempted to retrieve the leave slip from Fauntleroy while yelling at Fauntleroy that he could not snatch anything out of her hand. [Plaintiff] made incidental contact with Fauntleroy's back for a few seconds while she attempted to retrieve her leave slip. Fauntleroy later crushed the leave slip into a ball in his hands and threw it in the trash. Plaintiff was placed on emergency off-duty status without pay on September 1, 2005, and Plaintiff was issued a notice of removal on October 17, 2005. No action was taken against Fauntleroy for grabbing the leave slip from [Plaintiff] or altering an official personal [sic] ([Plaintiff's] leave slip) without authority to do so, or throwing the leave slip into the trash.

First Amd. Compl. ¶ 5. She filed a formal discrimination claim "based on sex, age, disability and reprisal resulting from being placed on emergency off-duty status without pay on September 1, 2005 and being issued a notice of removal on October 17, 2005." *Id.* ¶ 9. The Postal Service issued its Final Agency Decision ("FAD") on September 25, 2006. *See* Compl., Attach. (Notice of Final Action, Agency Case No. 4K-200-0006-06, EEOC No. 570-2006-00357X). The FAD informed Plaintiff that she either may file a civil action in a federal district court within 90 days of her receipt of the FAD, or may appeal the FAD to the Office of Federal Operations, Equal Employment Opportunity Commission ("EEOC") within 30 days of her receipt of the FAD. *See id.* at 1-2. This

---

¹(...continued)
employment, because of such individual's race, color, religion, sex, or national origin[.]"

42 U.S.C. § 2000e-2(a)(1).

notice further advised Plaintiff that, if she should chose to file an appeal with the EEOC's Office of Federal Operations, she may file a civil action "after 180 calendar days of [her] appeal to the EEOC, if [she had] not received a final decision on [her] appeal." *Id.* at 2-3.

Plaintiff timely appealed the FAD to the EEOC's Office of Federal Operations on October 23, 2006, and the EEOC acknowledged receipt of Plaintiff's appeal on November 17, 2006. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Attach. 3 (Plaintiff's October 23, 2006 letter to the Director, Office of Federal Operations, EEOC) & Attach. 4 (November 17, 2006 letter from R.J. Barnhart, Director, Compliance and Control Division, Office of Federal Operations, EEOC).[2] As of December 18, 2006, the date on which Plaintiff filed her original *pro se* complaint, the EEOC had not rendered its decision.[3] Nor had the EEOC rendered a decision by September 6, 2007, the date on which Plaintiff filed the First Amended Complaint. *See* First Amd. Compl. ¶ 9.

## II. DISCUSSION

Defendant moves to dismiss the First Amended Complaint on the ground that Plaintiff failed to exhaust her administrative remedies. According to Defendant, the time frame for the filing of a civil action in this circumstance is governed by 29 C.F.R. § 1614.407, such that a person "who has filed an individual complaint . . . under title VII . . . [may] file a civil action in an

---

[2] The Court dismissed as moot Defendant's motion to dismiss the original complaint, in light of counsel's appearance for Plaintiff and the filing of the First Amended Complaint.

[3] The Clerk of Court received Plaintiff's original *pro se* Complaint and application to proceed *in forma pauperis* on December 18, 2006. *See* Compl. at 1 (date stamp); Application to Proceed Without Prepayment of Fees and Affidavit at 1 (date stamp). The Court granted the application on December 22, 2006, and placed these items on the electronic docket on January 4, 2007.

appropriate United States District Court . . . <u>after</u> 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]." 29 C.F.R. § 1614.407(d) (emphasis added). Defendant argues that Plaintiff filed the instant civil action prematurely, that is, before the 180-day period expired. "As such, Defendant submits that this matter has never been properly before this Court and Plaintiff cannot cure such a defect by simply amending her complaint and arguing that the requisite time has now passed." Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss First Amended Complaint at 5. Defendant also notes the absence of any explanation for Plaintiff's failure to observe the applicable time frames or an argument supporting waiver, estoppel or equitable tolling of these time frames. *Id.* at 6. Accordingly, Defendant argues that Plaintiff's pleadings were "improperly filed and should be dismissed." *Id.*

According to Plaintiff, "[it] is not disputed that it is now beyond 180 days since [Plaintiff] filed her appeal with the EEOC Office of Federal Operations, and she has not received a final decision by the [EEOC]." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 2. Apparently Plaintiff believes that the filing of the First Amended Complaint more than 180 days after the filing of her appeal to the EEOC satisfies the requirements of 29 C.F.R. § 1614.407(d), such that Defendant's argument "borders on being frivolous." *Id.* at 1. In Plaintiff's view, Defendant's "argument fails because there is no legal authority for [Defendant's] position and it defies common sense." *Id.* at 2.

The EEOC has been granted "broad authority to enforce the [Civil Rights] Act's antidiscrimination mandate within the federal government, including responsibility for issuing regulations to control federal agencies' processing of discrimination complaints." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). To this end, "the EEOC has established detailed

procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." *Id.* (citations omitted). In this case, because Plaintiff appealed the FAD to the EEOC, she may file a civil action only "<u>after</u> 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]." 29 C.F.R. § 1614.407(d) (emphasis added).

Exhaustion of administrative remedies in an affirmative defense, and Defendant must plead and prove it. *See Hill v. Washington Metro. Area Transit Auth.*, 231 F. Supp. 2d 286, 292 (D.D.C. 2002) (quoting *Bowden*, 106 F.3d at 437). The record shows that Plaintiff filed her initial complaint prematurely. The premature filing does not deprive this Court of subject matter jurisdiction, however. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Martini v. Fed. Nat'l Mortage. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999). Rather, "like a statute of limitations, [the 180-day period] is subject to waiver, estoppel, and equitable tolling." *Zipes,* 455 U.S. at 393. Plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437.

Plaintiff does not dispute her premature filing of this action. She argues that Defendant no longer moves for dismissal on the ground that she failed to exhaust administrative remedies, and instead requests dismissal "because Plaintiff should not be permitted to cure the defect of filing the complaint too early." Pl.'s Opp'n at 2. Plaintiff relies entirely on the passage of more than 180 days from the filing of her appeal with the EEOC to the filing of the First Amended Complaint.

Wholly absent from Plaintiff's opposition is any explanation for her failure to comply with the 180-day filing requirement. Nor does Plaintiff set forth any basis upon which the Court may waive the filing requirement or otherwise grant equitable relief. Plaintiff does not show that she "has [] done all that is required by Title VII" because she admittedly "has failed to meet the requisite time constraints." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 12 (D.D.C. 2004). The Court will dismiss this action without prejudice because Plaintiff failed to exhaust her administrative remedies before filing her original *pro se* Complaint in this action. *See Andrews v. Potter*, No. 05-70693, 2007 WL 325348, at *3 (E.D. Mich. Jan. 31, 2007) (plaintiff did not exhaust administrative remedies where EEOC had not made final decision and where plaintiff did not wait 180 days before filing civil action); *Jones*, 321 F. Supp. 2d at 10-12 (complainant who requested withdrawal of EEOC appeal and who filed civil action before expiration of 180-day period following filing of EEOC appeal failed to exhaust administrative remedies).

An Order consistent with this Memorandum Opinion will be issued separately.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

Date: 7 Aug 2008